IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MOSES THOMAS<br><br>        Petitioner,<br><br>vs.<br><br>WARDEN TIMOTHY MCONAHAY,<br><br>        Respondent. | CASE NO. 1:23-cv-1892<br><br>DISTRICT JUDGE<br>DONALD C. NUGENT<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT AND RECOMMENDATION** |

Moses Thomas filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Doc. 1. Thomas is currently in custody at the Mansfield Correctional Institution serving a sentence of "life with the possibility of parole after 28 years" imposed by the Cuyahoga County Court of Common Pleas in *State v. Thomas*, Case No. 13CR574981. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Court dismiss Thomas's petition.

**Summary of underlying facts**

In habeas corpus proceedings brought under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). "This presumption also applies to the factual findings that [a] state appellate court makes on its review of the state trial record." *Johnson v. Bell*,

525 F.3d 466, 474 (6th Cir. 2008). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id.*

The Ohio Court of Appeals for the Eighth Appellate District summarized the facts underlying Thomas's conviction as follows:

> {¶3} On June 6, 2013, the Cuyahoga County Grand Jury indicted Thomas, along with three codefendants, for aggravated murder, aggravated burglary, aggravated robbery, kidnapping, theft, and having weapons while under disability. The one and three-year firearm specification, notice of prior conviction, and repeat violent offender specifications were attached to several counts. On June 12, 2013, Thomas pleaded not guilty at his arraignment.
>
> {¶4} On December 27, 2013, pursuant to a plea agreement with the state, Thomas pleaded guilty to one count of aggravated murder and one count of aggravated robbery with the attached one- and three-year firearm specifications. As a condition of the plea, Thomas agreed to testify truthfully if called to testify in the trials of his codefendants. In exchange for the pleas, the state dismissed the remaining charges.
>
> {¶5} On February 25, 2014,[1] Thomas appeared for sentencing. Prior to sentencing, Thomas, through counsel, indicated that he desired to withdraw his guilty pleas. After a brief discussion, wherein Thomas indicated that he believed he would be facing too much prison time, the trial court denied the request to withdraw the pleas.
>
> {¶6} The trial court proceeded to sentence Thomas to 25 years to life consecutive to the three-year firearm specification for a total of 28 years on the aggravated murder charge. The trial court also sentenced Thomas to 11 years consecutive to the three-year

---

[1] The trial court "sent" the sentence entry on February 5, 2014, indicating that the sentencing occurred on that date. Doc. 10-1, at 18. The docket further supports this conclusion. Doc. 10-1, at 314.

2

>firearm specification for a total of 14 years on the aggravated robbery charge. The trial court ordered that the sentences on each count be served concurrently for a total of 28 years.

*State v. Thomas*, 2014-Ohio-4929, 2014 WL 5762839, at *1 (Ohio Ct. App. 2014).

**Procedural background**

*Direct appeal*

On February 28, 2014, Thomas filed a timely notice of appeal. Doc 10-1, at 20–21. In his supporting brief, he raised two assignments of error. *Id.* at 38, 41. The court of appeals affirmed Thomas's conviction in November 2014. *Thomas*, 2014 WL 5762839, at *5. Thomas did not appeal the court of appeals' decision to the Ohio Supreme Court.

*Motion to vacate*

In October 2020, nearly six years after the court of appeals affirmed his conviction, Thomas filed in the trial court a "motion for vacate void judgment and dismissal" ("October 2020 Motion"). Doc. 10-1, at 71–92. In October 2021, the trial court denied Thomas's motion.[2] Doc. 10-1, at 93.

---

[2] The criminal docket, Doc. 10-1, at 313, confirms certain filings in November 2021 and January 2022 that Thomas references in his traverse. Doc. 12, at 5–6. Thomas's traverse also describes a discrepancy between the criminal docket and purported filings by Thomas in December 2021, which appear to have a "FILED" stamp but do not appear on the docket. *Compare* Doc. 10-1, *with* Doc. 12-6. This docketing discrepancy is clarified by court correspondence, also attached to Thomas's traverse, *see* Doc. 12-8, which states that these documents were improperly filed and ultimately not accepted by the court of appeals after their filing.

3

In January 2022, Thomas appealed the trial court's denial of his October 2020 Motion. Doc. 10-1, at 94–96. Later in January 2022, the court of appeals dismissed his appeal because Thomas failed to file a praecipe as required under the court's local rules. Doc. 10-1, at 123. Thomas did not appeal this dismissal to the Ohio Supreme Court.

In September 2022, Thomas filed a second notice of appeal as to the trial court's denial of his October 2020 Motion. Doc. 10-1, at 124–26. Simultaneously, Thomas filed a request for appointment of counsel and a motion for leave to file a delayed appeal. *Id.* at 136, 164–68. In October 2022, the court of appeals denied Thomas's request for appointment of counsel. Doc. 10-1, at 138. That same day, the court denied Thomas's motion for leave to file a delayed appeal and dismissed his second appeal of the October 2020 Motion because "an appellant cannot file more than one appeal from the same judgment entry."[3] *Id.* at 180.

In November 2022, Thomas filed a third notice of appeal as to the October 2020 Motion. Doc 10-1, at 280–81. He also filed a second request for appointment of counsel. *Id.* at 309–10. On November 23, 2022, the court of appeals dismissed Thomas's third appeal of the October 2022 Motion as

---

3   Thomas's appears to have attempted to file an appeal with the Ohio Supreme Court regarding the court of appeal's rejection of his second appeal of the trial court's denial of his October 2020 Motion. *See* Doc. 1-10. The Ohio Supreme Court, however, rejected this filing as improper, so it does not appear to have been docketed. *Id.*, at 1.

4

untimely and denied the request for appointment of counsel as moot. *Id.* at 311–12. Thomas did not further appeal.

*Federal habeas corpus petition*

On September 28, 2023, Thomas filed a federal habeas corpus petition under 28 U.S.C. § 2254. Doc. 1. Thomas raised the following three Grounds in support of his petition:

> 1.   Violation of my 1st, 5th, 6th, 8th, 9th, and 14th Amendment by not allowing me access to court, a right to be in court in person, a right to petition the court for redress a grievance, interfering with my right to access the court and a right to sufficient counsel.
>
> 2.   Violation of my 5th, 6th, 8th, 9th, and 14th Amendments of due process, speedy trial, and equal protection of the law by the Failure of the trial court to set aside Void Judgment for lack of Subject Matter Jurisdiction in failing to bring Petitioner to preliminary hearing within (10) days that's requirement in accordance with R.C. 2945.71–2945.73 (D)–(E) Triple Count Provision in lieu of bail, and criminal rule (5)(B).
>
> 3.   Violation of my 5th, 6th, 8th, 9th, and 14th Amendments by the failure of the trial court to set aside Void Judgment for Lack of Subject Matter Jurisdiction when Petitioner was not brought to trial within 90 days in accordance with R.C. 2945.71–2943.73 (D)–(E) Triple Count Provision and Ineffective Assistance of trial and Appellant counsel under Murnahan in violation of the Ohio and U.S. Constitution in lieu of bail.

Doc. 1, at 4–10.

5

The Warden filed a return, Doc. 10, Thomas filed a traverse, Doc. 12. The Warden then filed sur-reply, Doc. 14, and Thomas filed a "reply to Respondent's sur-reply." Doc. 15.

**Law and analysis**

*Thomas' petition is time-barred*

In his return, the Warden argues that Thomas's petition is untimely. Doc. 10, at 6. I agree.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the 1996 Act"), Pub. L. No. 104–132, 110 Stat. 1214, provides a one-year limitations period in a habeas action brought by a person in custody from a state court judgment. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under subparagraph (A), a judgment becomes final at the "conclusion of direct review or [on] the expiration of the time for seeking such review." The court of appeals affirmed Thomas's conviction on November 6, 2014. *Thomas*, 2014 WL 5762839, at *5. From there, Thomas had 45 days—until December 21, 2014—to file an appeal with the Ohio Supreme Court. *See* Ohio Sup. Ct. Prac. R. 6.01(A). But Thomas did not file an appeal with that court. So his conviction became final on December 22, 2014. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Fuller v. Thomas*, 110 F. App'x 496, 497 (6th Cir. 2004). Thomas thus had until December 22, 2015, to file his habeas petition.

As noted, however, Thomas filed his habeas petition in September 2023, nearly eight years too late. So unless Thomas is entitled to a later start date under 28 U.S.C. § 2244(d)(1)(B), (C), or (D), or his time to file his petition was otherwise tolled, the instant petition is untimely.

Thomas makes no specific argument that the limitations periods prescribed by subparagraphs (B), (C), or (D) might apply. In response to the Warden's argument that his claims are procedurally defaulted, Doc. 10, at 16–17, Thomas discusses the timeliness of certain filings. *See* Doc. 12, at 5–6. He also asserts, without support, that he unsuccessfully attempted to make certain filings between 2015 and 2020. *See e.g.*, Doc. 12, at 14–15. In this

7

regard, Thomas's traverse could be liberally interpreted as responding to the Warden's argument that his petition is untimely. But he does not claim that an impediment prevented him from filing his habeas petition before the limitations period expired in December 2015. Thomas also doesn't rely on a newly recognized constitutional right that would permit him to file his petition after the limitations period expired in December 2015. So there is no basis to believe subparagraphs (B) and (C) could apply.

This leaves subparagraph (D), which is "trigger[ed]" on "the date on which the facts underlying [Thomas's] 'claim or claims presented could have been discovered through the exercise of due diligence.'" *Smith v. Meko*, 709 F. App'x 341, 346 n.3 (6th Cir. 2017). The underlying basis for Thomas's motion to vacate—and his petition—are that the trial court allegedly lacked jurisdiction due to a speedy trial violation and that his trial and appellate counsel were ineffective for not raising this issue. Doc. 10-1, at 71–79; *see* Doc. 12, at 2–4. But Thomas offers no explanation for why he waited years to raise these issues, the basis for which could have discovered years ago. And, as discussed above in relation to subparagraph (B), Thomas makes no argument that there was an impediment that prevented him from timely filing a federal habeas petition. So a potentially delayed limitations period under subparagraph (D) is not applicable.

Various state court proceedings may alter the amount of time before a statute of limitations accrues or toll the limitations period once it starts. "The

8

distinction between direct and collateral review is significant in the application of the AEDPA time limit. Direct review delays the start of the statute of limitations. Collateral review merely tolls its running." *Lambert v. Warden, Ross Corr.*, 81 F. App'x 1, 3 (6th Cir. 2003); *see Lopez v. Wilson*, 426 F.3d 339, 346 (6th Cir. 2005). The pendency of a "properly filed" application may toll the one-year statute of limitation before it began to run. *See* 28 U.S.C. § 2244(d)(2); *Bronaugh v. Ohio*, 235 F.3d 280, 282–83 (6th Cir. 2000).[4] A state post-conviction filing that is denied as untimely by the state court is not considered "properly filed" for purposes of tolling the federal habeas statute of limitations. *See Pace v. DeGuglielmo*, 544 U.S. 408, 410 (2005). And, though a properly filed post-conviction filing can toll a limitations period, a post-conviction filing that is filed after the limitations period has passed will not revive a period that has expired. *See Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).

Thomas's October 2020 Motion was a petition for post-conviction relief because it "was (1) filed subsequent to [Thomas's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *State v. Reynolds*, 679 N.E.2d 1131, 1133 (Ohio 1997); *see State v. Schlee*, 882 N.E.2d 431, 434 (Ohio

---

[4] Section 2244(d)(2) provides that:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

9

2008) (holding that Ohio "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged."). As a collateral, post-conviction motion, the October 2020 Motion could only toll a pending statute of limitations before its expiration.

Here, Thomas's limitations period expired in December 2015, nearly five years before he filed his October 2020 Motion. Even assuming that the October 2020 Motion was "properly filed," it could not render Thomas's habeas petition timely because the limitations period had already expired by the time it was filed. *Vroman*, 346 F.3d at 602 (explaining that the statutory tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero)."). So Thomas's October 2020 Motion cannot operate to toll the already expired limitations period.[5]

Finally, even putting all of the above aside, the Court should reject Thomas's petition as procedurally defaulted. A state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation

---

[5] Thomas does not argue that equitable tolling should apply to extend his limitations period. He also does not argue that he is actually innocent. The Court therefore does not address these potential arguments.

requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir.1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review, "the claim is procedurally defaulted." *Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012). And claims raised in a post-conviction petition that the state court denies as untimely are procedurally defaulted. *See Smith v. Warden, Toledo Corr. Inst.*, 780 F. App'x 208, 219 (6th Cir. 2019) (citing *Walker v. Martin*, 562 U.S. 307, 310–11 (2011)); *Coleman v. Mitchell*, 268 F.3d 417, 427 (6th Cir. 2001) (claims raised in a post-conviction petition that the state court denies on the basis of res judicata are procedurally defaulted) (citing *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967)).

Thomas could have presented all grounds raised in his habeas petition to the Ohio Supreme Court, but he failed to timely do so. First, he failed to pursue direct appeal of his 2014 conviction to the Ohio Supreme Court. The time to pursue direct appeal under Ohio procedural rules has now passed. *See* Ohio Sup. Ct. Prac. R. 6.01(A). Grounds Two and Three, which were available at the time of direct appeal, are procedurally defaulted. Second, Thomas's Ground One claim is procedurally defaulted because, as Thomas admits, he never presented this issue to the Ohio Supreme Court in his state court post-conviction proceedings. Doc. 1, at 6–7. The time for Thomas to present his

11

Ground One claim to the Ohio Supreme Court has since passed.[6] Thomas has thus procedurally defaulted all claims in his petition. *See Carter,* 693 F.3d at 565.

Thomas could overcome this default by showing cause and "actual prejudice as a result of the alleged violation of federal law," or by showing that a "fundamental miscarriage of justice" will result if his claims are not considered. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although Thomas describes alleged obstacles to filing a delayed appeal, Doc. 12, at 5–6, review of the record and filings in this case reveals that the rejection of certain filings was based on Thomas's own failure to comply with procedural rules.[7] Thomas has thus failed to show cause for his default. Because the cause-and-prejudice standard is in the conjunctive, Thomas's failure to show cause means that

---

[6] Thomas appears to have attempted to appeal to the Ohio Supreme Court the court of appeals' denial of his motion to appoint counsel, its denial of his motion for leave to file a delayed appeal, and its dismissal of his *second* appeal of the denial of the October 2020 motion. *See* Doc. 1-10. But even assuming that Thomas had presented his Ground One claim at that time, the Ohio Supreme Court rejected his appeal as untimely. Doc. 1-10, at 1. Ground One, therefore, remains procedurally defaulted.

[7] The attachment to Thomas's petition related to his attempted appeal includes documents, without any stamp from the state court indicating they were ever filed, and an email notifying him that none of his documents were actually accepted for filing. *See* Doc. 1-10, at 1. This may explain why this appeal does not appear in the state court record. Additionally, as previously noted, this appeal arose out of Thomas's *second* appeal of the trial court's denial of the October 2020 Motion. So, even assuming this appeal was properly filed —which it was not—or that the October 2020 Motion was timely filed—which it was not—it would not operate to excuse his procedural default of issues that were not raised on direct appeal or the appeal of the initial denial of his October 2020 Motion.

12

there is no need to discuss prejudice. *See Hockenbury v. Sowders*, 718 F.2d 155, 160 (6th Cir. 1983) ("The 'cause' and 'prejudice' requirement ... is in the conjunctive. Not finding 'cause' in this case, we need not address the issue of prejudice.").

Thomas could also avoid his default by showing that a "fundamental miscarriage of justice" will result if his claims are not considered. *Coleman*, 501 U.S. at 750. But a claimed fundamental miscarriage of justice rests on a showing of actual innocence. *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006); *see Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012). And a claim of actual innocence "requires the petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Thomas hasn't presented "new reliable evidence" or argued that he is actually innocent.[8] So there is no need to consider whether he's shown that a "fundamental miscarriage of justice" will result if his claims are not considered.

Thomas's petition is untimely and, in any event, all of the Grounds presented in Thomas's petition are procedurally defaulted.

---

[8] Thomas does assert that an alleged "interfer[ence] with [his] right to access the court" was a "fundamental miscarriage of justice." *See e.g.*, Doc. 12, at 11. This argument misunderstands the "fundamental miscarriage of justice" inquiry for procedural default purposes and is belied by the above analysis which shows that his filings were rejected or denied based on his non-compliance with procedural rules. So even if this Court were to liberally interpret Thomas's filings as arguing that there was a "fundamental miscarriage of justice," his argument is unpersuasive.

**Conclusion**

For the reasons discussed, the Court should dismiss Thomas's Petition as untimely.

August 6, 2024

>  */s/James E. Grimes Jr.*
> James E. Grimes Jr.
> U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).