UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOSES THOMAS, | ) | CASE NO. 1:23 CV 1892 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | ORDER ADOPTING REPORT |
| | ) | AND RECOMMENDATION |
| TIMOTHY MCONAHAY, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James E. Grimes. (ECF #17). Following a timely request for extension of time, the Petitioner filed an Objection to the Report. (ECF #21). For the reasons set forth below, the Report and Recommendation is hereby ADOPTED.

Mr. Thomas filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction. The Petition initially claimed three grounds for relief. (ECF #1). Subsequently, Respondent filed an Answer/Return of Writ, the Petitioner filed a Traverse, the Respondent filed a sur-reply and Petitioner filed a reply to Respondent's sur-reply. (ECF ##10, 12,14, 15)

Petitioner's claims are governed by the Antiterrorism and Effective Death Penalty Act of 1996. Applying the appropriate standard of review under the Act, Magistrate Judge Grimes correctly determined that Mr Thomas' petition is untimely and is therefore time barred. Nothing in Mr. Thomas' objections casts any doubt on the ultimate conclusion made by Magistrate Judge Grimes.

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made. *See* FED. R. CIV. P. 72(b). The Court finds Magistrate Judge Grimes' Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully and correctly addressed by the Magistrate's Report and Recommendation, and that Petitioner's objections are unwarranted. This Court, therefore, adopts the Magistrate's Report in its entirety.

Further, pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893

n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Petitioner should be allowed to proceed further. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). Petitioner's motion for habeas corpus is hereby DENIED.

IT IS SO ORDERED.

DATED: October 1, 2024

_/s/ Donald C. Nugent_
DONALD C. NUGENT
Senior United States District Judge